CROCKER *et al* v. GOLLNER *et al.*

(*Supreme Court, General Term, Second Department. July 22, 1892.*)

1. MORTGAGE—FORECLOSURE—COMPULSORY COMPLETION OF PURCHASE—EVIDENCE.
   Defendant sought to erect a flat on premises adjacent to L. and others in violation of an agreement with them. L. sought to enjoin such erection, and was defeated in the lower courts, but judgment was rendered for him by the court of appeals. Pending the appeal, plaintiffs brought an action to foreclose defendant's purchase-money mortgage on the premises, foreclosure was had, and the premises sold to T. When T. began to examine the title he found a *lis pendens* on the property, filed by L., and that the court of appeals had rendered a decision in favor of L., on which T. declined to complete his purchase. Plaintiffs and defendant then moved to compel him to do so, pending which motion L. bought plaintiffs' mortgage and all their rights in the premises, and plaintiffs withdrew their motion against T., and the court refused to compel him to complete the purchase. *Held*, that L. was entitled to acquire the mortgage to prevent the abrogation of his easement, and that a sale having been had, the effect of which was to destroy the easement, the purchaser, who was willing to forego his contract, would not be compelled to complete the purchase at the instance of defendant only, who had avoided his contract with L., and had no equity in the premises.

2. SAME—PROTECTION OF NEGATIVE EASEMENTS—LACHES.
   In such case L. was not chargeable with laches in not acquiring plaintiffs' mortgage before the sale, since before and up to that time the judgment of the lower court, that he had no rights or easement in the property by reason of his agreement with defendant, stood unreversed, so that, if before that time he had acquired the mortgage, he could not have enforced the restrictive agreement as to the mortgaged premises.

Appeal from special term, Kings county.

Action by Alice Crocker and another against Ervin G. Gollner and others to foreclose a purchase-money mortgage for $18,000. Defendant Gollner purchased the property in question, and announced his intention of building

flats thereon, in violation of an agreement with Lester A. Lewis and others, resident in the vicinity, who had paid defendant $6,500 not to erect flats on a lot across the street, or elsewhere in the neighborhood. Lewis proceeded in the city court of Brooklyn to restrain the violation of such agreement, and was defeated there, on the ground that equity was powerless to prevent the wrong, (14 N. Y. Supp. 362;) but that decision was reversed on appeal to the court of appeals, (29 N. E. Rep. 81.) While this appeal was pending Gollner defaulted in his mortgage, foreclosure was had, and the property was purchased by John Tinsley, to whom Gollner released all claims against the property. By the time Tinsley began to examine the title, the court of appeals had rendered its decision in favor of Lewis, and Tinsley, finding that Lewis had filed a *lis pendens* against the property, and that the court of appeals had decided that he had equitable rights therein by reason of his negative easement, and that a title company had rejected the title, refused to complete his purchase. Plaintiffs and Gollner then moved to compel Tinsley to complete his purchase, pending which motion Lewis and the other property holders bought plaintiffs' mortgage, and all their rights in the premises, and served notice on all parties of the withdrawal of the motion to compel completion of the purchase, so far as plaintiffs were concerned. The court then entered an order denying the motion to compel completion of the purchase, and from that order defendants Gollner and wife appeal. Affirmed

The opinion of Mr. Justice CULLEN at special term was as follows:

"That the purchaser would acquire under the foreclosure and sale a perfect title I have no doubt. The mortgage foreclosed is for the purchase money of the lands, and, of course, is paramount to any incumbrance that the acts or contracts of the grantor Gollner can have imposed on the lands. But this is not decisive of the application. Defendant Lewis, in whose favor it is claimed Gollner created an easement or restriction upon the mortgaged premises, has now acquired the mortgage in suit. The affidavits aver that all the liens, except the purchase-money mortgage, accrued after the filing of the *lis pendens* in the action brought by Lewis to enforce the agreement made by Gollner. Lewis'. equities are therefore superior to those of all the other parties to the action except the plaintiffs, and the equities of the plaintiffs extend only to the right to have their mortgage paid. Lewis, therefore, was entitled to acquire plaintiffs' mortgage to prevent the abrogation of his easement, and to have the sale made subject to his easement. Had this been done before the sale his rights would have been clear. A sale has been had. If carried out, Lewis' easement is destroyed. But the purchaser is willing to forego his contract. The plaintiffs, having assigned their mortgage, withdrew their application to compel the purchaser to complete the purchase. The only party who seeks to enforce the sale is the defendant Gollner, who, by the sale, avoids his contract with Lewis. He certainly has no equity in this claim, nor can the defendant Lewis be properly charged with laches in not having acquired plaintiffs' mortgage earlier. While the trial courts found the fact that Gollner had made the agreement restrictive of the use of the mortgage lands, it was held that such an agreement could not be enforced. Had Lewis sought in this action to compel an assignment of the plaintiffs' mortgage, he would have failed because of the judgment in the other action that he had no interest or easement in the lands. It was not till the judgments of the court of appeals reversing the judgment below that Lewis could assert his rights. Then he promptly acquired the paramount mortgage. Under these circumstances, it seems to me unjust to carry out the sale. Motion denied, with $10 costs."

Argued before BARNARD, P. J., and DYKMAN, J.

*Alfred R. Page*, for appellants. *Wm. C. Beecher*, for plaintiff and respondent. *Rufus T. Griggs*, for defendant Lewis, respondent. *Brewster Kissam*, for John Tinsley, respondent.

DYKMAN, J.  This is an appeal from an order of the special term denying a motion to compel a purchaser at a foreclosure sale of real property to complete his purchase.  The appeal is destitute of merit, and the order should be affirmed, on the opinion of the court at special term, with $10 costs and disbursements.